**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 23 B 05875 |
| | ) | |
| Awad Odeh & Julia Salameh | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Mohamad Shukairy | ) | |
| | ) | Adv. No. 23 A 333 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge David D. Cleary |
| Awad Odeh | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Mohamad Shukairy ("Plaintiff") filed a single-count complaint ("Complaint")

against Defendant Awad Odeh ("Defendant"), seeking a finding that a debt owed by Defendant

to Plaintiff is nondischargeable under section 523(a)(2).  Defendant filed a motion to dismiss the

complaint ("Motion") under Fed. R. Civ. P. 12(b)(6), asserting that the Complaint should be

dismissed because Plaintiff failed to state a claim for relief and seeks dismissal with prejudice.

The court entered a briefing schedule, Plaintiff filed a response ("Response"), and Defendant

filed a reply ("Reply").  Having reviewed the Complaint as well as the papers filed, the court

finds that the Complaint contains sufficient allegations to state a claim for relief against

Defendant.  Accordingly, the Motion is denied.

## I.  JURISDICTION

This court has subject matter jurisdiction under 28 U.S.C. § 1334 and the district court's

Internal Operating Procedure 15(a). This is a core proceeding 28 U.S.C. § 157(b)(2)(I).  Venue is

proper under 28 U.S.C. § 1409(a).

## II.  BACKGROUND

In resolving a motion to dismiss, the court considers well-pleaded facts and the

reasonable inferences drawn from them in the light most favorable to the plaintiff.  *See Reger*

*Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).  Every allegation that is well-

pleaded by a plaintiff is taken as true in ruling on the motion.  *See Berger v. Nat'l Collegiate*

*Athletic Ass'n*, 843 F.3d 285, 289-90 (7th Cir. 2016).  For purposes of deciding this Motion, the

court accepts the following well-pleaded facts as true:

Defendant represented to Plaintiff that Defendant was an agent of North American

Trading, Inc., d/b/a North American Metal Refinery ("NAR").  NAR's principal place of

business was in Bridgeview, IL.  Defendant represented to Plaintiff that NAR is a business that

invests in precious metals.

Plaintiff and Defendant were both involved in, and frequented, some of the same

charitable and community organizations in the Chicago area in and around 2019.  They became

acquainted through those charitable groups.

In or around July, 2019, Defendant pitched Plaintiff on investing money with NAR.

Defendant explained that the funds would be used for buying precious metals and selling them at

a profit.  In exchange, Plaintiff would receive 50 percent of the profits on a quarterly basis.

Plaintiff could request the return of his investment at any point.

2

Plaintiff invested $200,000 with NAR in connection with an investment agreement dated August 16, 2019 ("2019 Agreement").  Defendant instructed Plaintiff on how to transfer the $200,000 to a bank account.

Defendant, directly or through NAR, exercised control over the bank account.

From August, 2019, through the spring of 2020, Defendant or NAR made three payments to Plaintiff, which Defendant identified as profits from Plaintiff's invested funds.

The three payments were not the result of any legitimate investment and were made with the intention to mislead Plaintiff into believing that his investment was producing a profit and to induce Plaintiff into making another investment with Defendant or NAR.

In the spring of 2020, Defendant proposed to Plaintiff a second investment in NAR with similar terms to the first investment.  Plaintiff made another separate investment in NAR for $150,000 in connection with an investment agreement dated April 3, 2020 ("2020 Agreement"). The 2020 Agreement contains an explicit guaranty by Defendant of NAR's obligations under the 2020 Agreement and represents that Defendant was the owner of NAR.

Defendant instructed Plaintiff on how to transfer the $150,000 to a bank account.

Plaintiff relied on Defendant's statements that NAR was a legitimate business that invested in precious metals when deciding to make both investments.

Defendant was not the owner of NAR in 2019 or 2020.

Defendant knew, at the time of the 2019 Agreement and 2020 Agreement, that NAR would not purchase precious metals with the investment funds. He had no intention of making either investment.  NAR did not invest the funds in precious metals.

Defendant was part of a larger scheme employed by Defendant and his associate to fraudulently obtain funds from individuals in the Chicago area through promises to invest money

in precious metals and then promising lucrative returns.  Defendant, and others, were however, operating a Ponzi scheme.

Beyond the three payments mentioned, neither NAR nor Defendant repaid Plaintiff any of his investment funds.

Plaintiff obtained a judgment against Defendant and NAR in Cook County, Illinois, in the amount of $350,000.  The amount owed to Plaintiff by Defendant under the judgment is $389,353.42.

## III.  DISCUSSION

To defeat a motion to dismiss, a complaint must describe the claim in enough detail to give notice to the defendant.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In addition, it must be "plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint need only offer "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), unless the subject matter of that pleading implicates a heightened standard.  *See* Fed. R. Civ. P. 9.  The circumstances supporting an action sounding in fraud must be articulated with particularity under Rule 9.

### A.    The Sole Count – 11 U.S.C. § 523(a)(2)

The Complaint is brought under 11 U.S.C. § 523(a)(2) generally.  Section 523(a)(2) bars debtors, such as Defendant, from discharging debts "obtained by 'false pretenses, a false representation, or actual fraud,' 11 U.S.C. § 523(a)(2), or, if made in writing, by a materially false 'statement … respecting the debtor's … financial condition,' 11 U.S.C. § 523(a)(2)(b)."

4

*Lamar, Archer & Cofrin, Llp v. Appling*, 584 U.S. 709, 712 (2018).  If the debt was obtained by a statement respecting the debtor's financial condition, and "[i]f that statement is not in writing, then, the associated debt may be discharged, even if the statement was false." *Id.* Section 523(a)(2)(A) and (B) state in their entirety:

> (a)      A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-- …
>
> > (2)      for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
> >
> > > (A)      false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> > >
> > > (B)      use of a statement in writing—
> > >
> > > (i) that is materially false;
> > >
> > > (ii) respecting the debtor's or an insider's financial condition;
> > >
> > > (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> > >
> > > (iv) that the debtor cause to be made or published with intent to deceive[.]

11 U.S.C. § 523(a)(2)(A), (B).

For this claim for relief to survive a motion to dismiss under section 523(a)(2)(A), Plaintiff must plausibly allege: (1) Defendant made a false representation or omission; (2) they knew that representation was false or made it with reckless disregard for the truth; (3) they made the statement with the intent to deceive Plaintiff; and (4) Plaintiff justifiably relied on the representation.  *See Ojeda v. Goldberg*, 599 F.3d 712, 716-17 (7th Cir. 2010).

While "it is only necessary to set forth a basic outline of fraud in order to alert the defendant of the purported fraud he is defending against[,]" *New Century Bank, N.A. v. Carmell*

5

(*In re Carmell*), 424 B.R 401, 412 (Bankr. N.D. Ill. 2010), some level of particularity is required

by Fed. R. Civ. P. 9. "Particularity means the 'who, what, when, where, and how of the

fraud … .'" *Schneider v. Billon* (*In re Billon*), No. 20 A 413, 2021 WL 2908970, at *3 (Bankr.

N.D. Ill. July 12, 2021) (quoting *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896

F.3d 834, 839 (7th Cir. 2018)). "[F]raud requires more than [a] breach of promise … ." *U.S. ex*

*rel. Main v. Oakland City Univ.*, 426 F.3d 914, 917 (7th Cir. 2005). "[F]ailure to honor one's

promise is (just) breach of contract, but making a promise that one *intends* not to keep is fraud."

*Id.*

### 1.    The Claim Under Section 523(a)(2)(A) versus Section 523(a)(2)(B)

#### a.    The Parties' Contentions

The Complaint does not specify whether Plaintiff is proceeding under section

523(a)(2)(A), (B), or both.[1]  In their Motion, Defendant argue Plaintiff's claim is actionable only

under section 523(a)(2)(B) because Plaintiff's allegations revolve around misrepresentations

about NAR's financial condition. If true, and if the false statements are only oral in nature, then

the debt is dischargeable. 11 U.S.C. § 523(a)(2)(B). Defendant points to allegations of false

statements that NAR would return the investment at any time, how NAR used the funds loaned,

and that NAR would have funds available to repay the Note.

In Plaintiff's Response he states that "[t]his case proceeds under Section

523(a)(2)(A) … ." Response, p. 2. Plaintiff argues that the statements respecting financial

condition referenced in section 523(a)(2)(A) must be interpreted to mean "what are understood

---

[1] While the Complaint's omission of the specific subsection it is proceeding under can cause confusion, the Plaintiff is not required to plead legal theories. *See Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010) (Stating that *Twombly* and *Iqbal* "do not undermine the principle that Plaintiffs in federal courts are not required to plead legal theories."); *Auto Driveaway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 675 (7th Cir. 2019) ("A complaint need only provide notice of a plausible claim; there is no rule requiring parties to plead legal theories or elements of a case.").

by debtor-creditor professionals as 'financial statements.'"  Response, p. 8.  The exception to

discharge under section 523(a)(2)(A) is not defeated if statements focus on repayment or

intended use of funds.  Here, Plaintiff claims the false representations were not about financial

statements, but were representations about NAR's legitimacy, and that the money obtained

would be used for a legitimate business.

> **b.**   **The allegations in the Complaint do not Preclude a Cause of Action under Section 523(a)(2)(A).**

Defendant is correct that section 523(a)(2)(A) does not apply to "a statement respecting

the debtor's financial condition." 11 U.S.C. § 523(a)(2)(A).  Defendant is also correct that in

*Lamar, Archer & Cofrin, Llp v. Appling*, 584 U.S. 709 (2018), the Supreme Court endorsed a

broad reading of whether a statement *respects* the financial condition.  *See Id.* at 717 ("Use of the

word 'respecting' in a legal context generally has a broadening effect, ensuring that a provision's

scope covers not only its subject but also matters relating to that subject.").  Indeed, Plaintiff's

assertion that "professionals" understand these types of statements to be limited to "financial

statements" lacks any citation to authority.  Plaintiff's interpretation also seems to be the type of

narrow reading of the limitations of 523(a)(2)(A) specifically rejected by *Appling*.  *See Blazek v.*

*Kubin* (*In re Kubin*), Case No. 18-02853, 2022 WL 1467643, at *5 (Bankr. N.D. Ill. May 9,

2022) ("Section 523(a)(2)(B) is not limited solely to formal representations made by a debtor to

a proposed creditor, such as in a loan application or financial statement.") (*citing Appling*, 138 S.

Ct. 1752, 1759).

Where Defendant's argument falls short is that while the Complaint may contain

allegations that respect a financial condition, it also contains other allegations that fall within

section 523(a)(2)(A).  Defendant combines and interprets the allegations together as describing a

situation where the statements were respecting a financial condition and therefore must only be

allowed under section 523(a)(2)(B). The court at this stage is not tasked with determining whether whatever words were specifically said between the parties were "more likely than not…" statements respecting a financial condition, but instead whether the conversations and actions that form the basis for a section 523(a)(2)(A) claim "*could* have happened … ." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (discussing federal pleading requirements following *Twombly* and *Iqbal*) (emphasis in original).

Plaintiff's alleged false representations that fit under section 523(a)(2)(A) prominently includes that Defendant represented that NAR bought and sold precious metals, had used the Plaintiff's investments for that purpose, that Defendant owned NAR, that Defendant personally solicited the investments, and that Defendant claimed to have made profits from the 2019 Agreement which he paid to Plaintiff. The Complaint alleges NAR was a Ponzi scheme and that NAR's financial condition was irrelevant to Plaintiff. Whether or not Plaintiff's decision to invest was not entirely dependent on NAR's financial condition.

Regardless of which of the factual allegations in the Complaint relate to a claim under either or both section 523(a)(2)(A) or 523(a)(2)(B): "[i]f any reasonable inferences that support the claimant's claims follow from a complaint's deemed-true facts, the [c]ourt also must deem truthful such inferences." *Martino v. Shakir* (*In re Shakir*), 643 B.R. 203, 210-11 (Bankr. N.D. Ill. 2022). Taking the facts as alleged in the Complaint, it is very reasonable to infer that Defendant's actions met the elements of section 523(a)(2)(A) without making statements respecting anyone's financial condition. While Plaintiff may or may not have difficulty proving that at trial, Plaintiff has pleaded enough to survive a motion to dismiss for failure to state a claim under section 523 (a)(2)(A).

c.    **Plaintiff is not Pursuing an Exception From Discharge Under Section 523(a)(2)(B).**

Defendant asks that this court also find that Plaintiff failed to state a claim under section 523(a)(2)(B), asserting that none of the relevant statements were made in writing.

To survive under section 523(a)(2)(B), Plaintiff must plausibly allege that Defendant "made a materially false written statement about [his] financial condition with the intent to deceive, and that [Plaintiff] reasonably relied on the statement." *In re Cohen*, 507 F.3d 610, 613 (7th Cir. 2007).

> Plaintiff need not plead specific legal theories, so long as its allegations give notice of a legally sufficient claim.  However, it cannot be the burden on the defendant to identify all plausible causes of actions arising from a plaintiff's pleading and seek to proactively dismiss each.  That would be impossible for a defendant to do and it would impermissibly place the plaintiff's burden on the defendant.  Instead, a defendant need only address the defects in the pleading as presented.  It is for the plaintiff to raise in response such issues … .

*Handler v. Moore* (*In re Moore*), 620 B.R. 617, 632 (Bankr. N.D. Ill. 2020) (internal citations removed).

Here, Defendant raise deficiencies that would prevent Plaintiff from excepting Defendant's discharge under section 523(a)(2)(B).  In his Response, Plaintiff states that section 523(a)(2)(B) does not apply to the Complaint's allegations and that "[t]his case proceeds under Section 523(a)(2)(A)."  Response, pp. 2, 8, 9.  Plaintiff has made clear that he is objecting to discharge per section 523(a)(2)(A).

2.    **Failure to Plead a Claim as Required by Federal Rules 8 and 9**

Defendant contends that the Complaint lacks sufficient detail as required by Fed. R. Civ. P. 8 and 9(b) and therefore must be dismissed.  While the rule requires particularity, it does not require

> … exact details in the complaint as a journalist would hope to relate them to the general public.  Rather, the federal pleader alleging fraud need only set forth the

9

> basic outline of the scheme, who made what misrepresentation and the general time
> and place of such misrepresentations, in order to adequately alert the defendant of
> the purported fraud he is defending against.

*Zmora v. Jacobs* (*In re Jacobs*), 403 B.R. 565, 573-74 (Bankr. N.D. Ill. 2009) (quotation omitted). Defendant points to the absence of allegations identifying who was present for each of Defendant's statements, as well as the what, when, where, and how. Defendant also claims the Complaint lacks sufficient facts on topics including: that NAR was a Ponzi scheme; that Defendant knew his statements were false, that Defendant possessed intent, and that Plaintiff justifiably relied on Defendant's misrepresentations.

The Complaint, however, contains allegations directed at each of the required elements of section 523(a)(2)(A) and puts Defendant on notice and contains allegations to meet the more rigorous particularity pleading requirements of Fed. R. Civ. P. 9(b).

Here, the essential questions required by Rule 9(b) are all answered. Who: Defendant made various representations to Plaintiff to get him to invest in NAR. What: Plaintiff agreed to invest in NAR twice based on false representations by Defendant. Where: the Complaint alleges Plaintiff and Defendant became acquainted through their involvement and frequenting of the same charitable and community organizations in the Chicago area. NAR was listed as operating in Bridgeview, IL and that Defendant's larger Ponzi scheme operated throughout the Chicago area. When: Plaintiff makes numerous allegations of specific dates, but of most relevance, the parties executed the 2019 Agreement August 16, 2019, and they executed the 2020 Agreement April 3, 2020. How: Defendant solicited investments by making various assurances that NAR was a legitimate business buying and selling precious metals and that he had even made profits on Plaintiff's initial investment, despite Defendant knowing NAR was a Ponzi scheme and not a

10

legitimate business.  These actions were attributed to Defendant and are adequate to plead the elements required to state a claim under section 523(a)(2)(A).

The required elements of section 523(a)(2)(A) are: (1) Defendant made a false representation or omission; (2) he knew that representation was false or he made it with reckless disregard for the truth; (3) he made the statement with the intent to deceive Plaintiff; and (4) Plaintiff justifiably relied on the representation.  *See Ojeda*, 599 F.3d at 716-17.  First, as discussed, Defendant made, *inter alia*, a false representation that NAR was a legitimate business. Second, Plaintiff alleges Defendant knew the representation was false.  Defendant claims that is conclusory.  Whether or not it is, Plaintiff also alleges Defendant represented he was the owner of NAR and it is a reasonable inference that the company's owner would know it was a Ponzi scheme.  Plaintiff also alleges Defendant colluded in the Ponzi scheme with other individuals, suggesting he knew it was a Ponzi scheme.  Additionally, Plaintiff alleges Defendant exercised control over the bank account that received Plaintiff's funds, suggesting he would be aware of what happened to funds in that account.

Third, Plaintiff alleges Defendant made the false representations intentionally to deceive Plaintiff to obtain the investments.  Intent can be alleged generally.  Fed. R. Civ. P. 9(b).  While excused from the particularity requirements of Fed. R. Civ. P. 9(b), allegations concerning intent must still meet the factual requirements of Fed. R. Civ. P. 8.  *Iqbal*, 556 U.S. 686-87.  The intent here can reasonably be inferred from the factual allegations.  Defendant, as discussed, knew NAR was a Ponzi scheme.  Ponzi schemes operate by paying investors with the money of other investors and therefore cannot deal with investors removing their money without finding more people to invest money.  *See Dream Med. Grp., LLC v. Church Enterprises, (In re Church)*, 657 B.R., 431, 440 (Bankr. D.S.C. 2024) (discussing Ponzi schemes).  It is reasonable to infer

11

Defendant knew Plaintiff would not invest if he knew NAR was a Ponzi scheme and would invest more if Plaintiff thought Defendant was making profits on the initial investment. Therefore, Defendant intentionally told Plaintiff NAR was a legitimate business to obtain the investments. Defendant similarly intentionally paid money to Plaintiff, claiming it was profits from NAR's buying and selling, to get Plaintiff to invest additional money. Again, whether Plaintiff will actually be able to prove his allegations surrounding intent at trial is a question for a later time.

Fourth and finally, Plaintiff justifiably relied on the false representation that NAR was a legitimate business. Defendant claims the allegations are all conclusory, arguing Plaintiff should have pled why he relied and why his reliance was reasonable. The justifiable reliance required under section 523(a)(2)(A) is "a less demanding standard than reasonable reliance." *Attorneys' Title Guar. Fund v. Wolf*, (*In re Wolf*), 519 B.R. 228, 247 (Bankr. N.D. Ill. 2014). "[J]ustifiable reliance requires only that the creditor did not blindly rely upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation." *Id.* (quotations removed).

It is reasonable to infer from the allegations that, when agreeing to the 2019 Agreement and the 2020 Agreement, Plaintiff reasonably believed Defendant's assurances that NAR was a legitimate business and that NAR and Defendant could profitably use Plaintiff's money. When making reasonable inferences in Plaintiff's favor, it is possible to say both that Plaintiff relied on Defendant's statements when making both investments and that the reliance was justifiable.

12

## IV.  CONCLUSION

For all of the reasons stated above, the motion to dismiss the Complaint is denied.  The court will enter an order, consistent with this ruling.

ENTERED:

Date:   August 9, 2024

_____
Honorable DAVID D. CLEARY
United States Bankruptcy Judge

13